D/F
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 21 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GAZI A. HOSSAIN,

            Plaintiff,

      -against-

COUNTY OF NASSAU, EDWARD
P. MANGANO, *Nassau County Executive,
individually*, SHERIFF OFFICER SHIELD
# 866, *individually*, SHERIFF OFFICER
SHIELD # 252, *individually*, SHERIFF
OFFICER SHIELD # 816, *individually*,
JOHN DOES # 1 through # 6, *6 Sheriff
Officers, individually and in their official
capacities (the name John Doe being
fictitious as the true names are presently
unknown)*,

            Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

11-CV-3630 (NGG) (LB)

GARAUFIS, United States District Judge.

    Plaintiff pro se Gazi A. Hossain ("Hossain") brings this action pursuant to 42 U.S.C. § 1983 (Compl. (Docket Entry # 1)) and moves for leave to proceed in forma pauperis (Docket Entry # 2). The court grants Hossain's in forma pauperis application pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, Hossain's claims shall proceed, and the case shall be transferred to the United States District Court in Central Islip, Suffolk County.

**I.    BACKGROUND**

    In his July 26, 2011 Complaint, Hossain alleges that, in July 2002, in Nassau County, a Sheriff Officer arrested him for reasons he does not explain. (Id. ¶ 13.) The same day, a Sheriff Officer "[p]hysically and verbally abused" him. (Id. ¶ 14.) Hossain then spent two weeks in jail, allegedly "unlawfully," after which he was released on his own recognizance. (Id. ¶ 17.) Hossain alleges he was arrested a second time, sometime in 2003, again in Nassau County, this

1

time by one of the "John Doe" defendants, who allegedly physically abused him. (Id. ¶¶ 18, 20.) He was again held in jail for two weeks, allegedly "unlawfully," after which he was again released on his own recognizance. (Id. ¶ 19.)

Hossain alleges that, on June 2, 2008, in Queens County, Detective Anthony Peskel—who is not named as a defendant—arrested him, for unexplained reasons. (Id. ¶ 21.) Hossain was then imprisoned "unlawfully" in "Nassau county correctional facility" until July 31, 2008. (Id.) During his time in the Nassau County prison, Hossain alleges he suffered acts of physical abuse, including being punched in the chest by Sheriff Officer Shield # 866 and being hit in the face with an orange by one of the John Doe defendants, which resulted in the loss of some teeth. (Id.) Hossain also alleges that he was "physically and verbally abused" by a fellow inmate and that, when he complained, Sheriff Officer Shield # 816 and Sheriff Officer Shield # 252 failed to take any action. (Id.)

Hossain claims that, on July 31, 2008, all charges against him were dropped. (Id. ¶ 23.) However, he attaches to his Complaint a "Judgment Order" issued by the District Court of Nassau County, which indicates that, in fact, Hossain was *convicted*, on July 31, 2008, of harassment in the second degree under New York Penal Law § 240.26.

Based on the above, Hossain brings claims under 42 U.S.C. § 1983, claiming that several of his rights under the United States Constitution were violated. (Id. ¶¶ 28, 32, 34, 44.)

## II. LEGAL STANDARD

Where, as here, in forma pauperis status has been granted, the court must dismiss a complaint, or any portion thereof, if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2

"'[T]he pleadings of pro se litigants should be construed liberally, and should not be dismissed unless it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations.'" White v. St. Joseph's Hosp., 369 F. App'x 225, 226 (2d Cir. 2010) (quoting Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir. 2005)). Accordingly, the Second Circuit has made clear that sua sponte dismissal of pro se complaints prior to service of process "'is a draconian device, which is warranted only when the complaint lacks an arguable basis either in law or in fact. Where a colorable claim is made out, [such] dismissal is improper . . . .'" McEachin v. McGuinnis, 357 F.3d 197, 200-01 (2d Cir. 2004) (quoting Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir.1990)). "The issue at this stage is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." Id. at 201 (internal quotation marks omitted).

## III. DISCUSSION

### A. Hossain's Claims May Proceed

Hossain alleges that he was physically abused and unlawfully detained by the "Sheriff Officer" and "John Doe" defendants. Though his allegations are bare-bones, they are sufficient to survive dismissal under 28 U.S.C. § 1915(e)(2)(B).[1]

Hossain also sues Nassau County, alleging that the alleged misconduct was committed pursuant to the County's "customs, usages, practices, [and] procedure," its "deliberate

---

[1] The statute of limitations for § 1983 claims filed in New York is three years. Cloverleaf Realty of New York, Inc. v. Town of Wawayanda, 572 F.3d 93, 94 (2d Cir. 2009). Because Hossain filed his Complaint on July 26, 2011, claims relating to events that occurred prior to July 26, 2008 are untimely. Therefore, it appears that Hossain's claims relating to his 2002 and 2003 arrests are untimely. His allegations regarding the 2008 arrest straddle the statute of limitations deadline. However, the Second Circuit, in Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007), found that it is inappropriate for a district court to dismiss pro se complaints sua sponte on statute of limitations grounds. Id. at 640 ("The pleading requirements in the Federal Rules of Civil Procedure . . . do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses. . . . The District Court could not tell from the face of [the] complaint whether [the plaintiff] might have meritorious tolling arguments.").

3

indifference" to Hossain's constitutional rights, and "under the supervision of ranking officers" of the Nassau County Police Department. (Id. ¶¶ 30, 38-44.) A local government may be held liable under § 1983 if it "itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (quoting Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692 (1978)). "But, under § 1983, local governments are responsible only for their *own* illegal acts," and may not be held liable on the basis of their employees' conduct. Id. (internal quotation marks omitted; emphasis in original). Thus, to hold a local government liable under § 1983, a plaintiff may show that he was injured pursuant to "official municipal policy," i.e., "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Id.

Hossain names County Executive as a Defendant as well. A supervisor of local government employees, who is not directly involved in the claimed constitutional violations, may nevertheless be held liable under § 1983 insofar as "(1) the supervisory official, after learning of the violation, failed to remedy the wrong; (2) the supervisory official created a policy or custom under which unconstitutional practices occurred or allowed such policy or custom to continue; or (3) the supervisory official was grossly negligent in managing subordinates who caused the unlawful condition or event." See Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998).

Hossain's claims of Monell and supervisory liability are even more skeletal than his individual-defendant claims. However, it cannot be said that there is no "set of facts that could be proved consistent with the allegations." White, 369 F. App'x at 226. Therefore, these claims shall proceed as well.

4

### B. Transfer to Long Island

Under Local Division of Business Rule 50.1(d)(2)(b)(I), a civil case is considered a "Long Island case" if a "substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County." In the Civil Cover Sheet accompanying the Complaint, Hossain answered "No" when asked if this was the case. (Docket Entry # 1-1 at 2.) Of course, as the recitation of facts above demonstrates, this was false—after each of Hossain's arrests, he was allegedly detained in Nassau County, and the Defendants are Nassau County employees, or the County itself. (See Compl. ¶ 11 ("Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant The County of Nassau.").) Therefore, the case should be transferred to Long Island.

## IV. CONCLUSION

The Clerk of Court shall issue summonses against the Defendants and the United States Marshals Service shall serve copies of the Complaint, this order, and the summonses on those Defendants without prepayment of fees. Further, the court respectfully requests the Clerk of Court to reassign this case to the Long Island Division in Central Islip.

SO ORDERED.                                    s/Nicholas G. Garaufis

Dated: Brooklyn, New York                      NICHOLAS G. GARAUFIS
      October 19, 2011                      United States District Judge